IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BRITTNEY MILLER                                                           PLAINTIFF

V.                              NO. 15-5187

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration       DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Brittney Miller, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income benefits (SSI) under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. §405(g).

**I.  Procedural Background:**

Plaintiff protectively filed her current application for SSI on September 17, 2012, alleging an inability to work since February 19, 2012,[1] due to severe depression, anxiety, and post-traumatic stress disorder (PTSD). (Doc. 14, pp. 119-125, 144, 148). An administrative hearing was held on December 12, 2013, at which Plaintiff appeared with counsel and testified. (Doc. 14, pp. 28-40).

By written decision dated December 26, 2013, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe –

---

[1] Plaintiff's attorney amended the onset date to September 17, 2012, at the hearing held before the ALJ. (Doc. 14, p. 30).

1

PTSD (post traumatic stress disorder) and a mood disorder. (Doc. 14, p. 17). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Doc. 14, p. 17). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is able to perform work limited to simple, routine and repetitive tasks, involving only simple, work-related decision[sic] with few, if any, workplace changes, and no more than incidental contact with co-workers, supervisors and the general public.

(Doc. 14, p. 19). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff would be able to perform such jobs as janitor/industrial cleaner, hand packer, and machine packer. (Doc. 14, p. 22).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on June 10, 2015. (Doc. 14, pp. 4-7). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 12, 13).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.　　Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's

2

decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s)

prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her RFC. See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R.§416.920, abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §416.920.

### III. Discussion:

Plaintiff raises the following issues in this matter: 1) Whether the ALJ erred by failing to mention a witness statement; and 2) Whether the ALJ erred in his credibility analysis. (Doc. 12).

#### A. Credibility Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

Plaintiff argues that the ALJ's credibility assessment regarding Plaintiff's subjective complaints of pain is deficient because he failed to perform any meaningful analysis of the Polaski factors.

In his decision, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that her statements concerning the intensity, persistence and limiting effects of the symptoms were not entirely credible. (Doc. 14, pp. 19-20). The ALJ observed that Plaintiff had mild restriction in her activities of daily living, and addressed the fact that Plaintiff was able to care for her two small children, make bottles and change their diapers. (Doc. 14, p. 19). He also noted that Plaintiff stated that she did better when taking psychotropic medications. (Doc. 14, p. 20). The ALJ mentioned the fact that although Plaintiff was being treated at Ozark Guidance Center (OGC), upon referral from Northwest Medical Center, she did not return for subsequent treatment and was therefore discharged in August of 2013. (Doc. 14, p. 20). In her October 26, 2012 Function Report – Adult, Plaintiff reported that she took care of her five month old daughter and her dog, did the laundry, cleaned the bathroom and shopped maybe once or twice a month. (Doc. 14, pp. 167-170). On February 19, 2013, Dr. Robert Gale, of OGC, treated Plaintiff and noted that Plaintiff had stopped her medications in January of 2013 because she thought she was pregnant, and as a result, the symptoms of anxiety, depression, "OCD," and PTSD returned. (Doc. 14, p. 290). He further noted that Plaintiff tended to deal with herself passively and with immaturity, and that the combination of prazosin, Prozac and trazodone helped considerably. (Doc. 14, p. 290).

Based upon the foregoing, the Court finds there is substantial evidence to support the ALJ's credibility analysis.

5

**B. Witness Statements:**

Plaintiff argues that the ALJ failed to properly consider the Third Party Function Report properly offered into evidence, completed by Plaintiff's step-mother, Kandy Frederick.

In Ms. Frederick's statement dated October 27, 2012, she indicated that she had known Plaintiff for 14 years, but did not spend very much time with Plaintiff, and that they did not do very much together. (Doc. 14, p. 177). Yet, Ms. Frederick reported that Plaintiff was unable to work because she had anxiety, panic attacks and depression, and slept most of the day. (Doc. 14, p. 178). She also reported that Plaintiff had no problem with her personal care, and that she was depressed because she stayed in her room. (Doc. 14, p. 181).

It is not disputed that the ALJ made no mention of Ms. Frederick's statement in his decision. The Court finds guidance in a recent Eighth Circuit decision, Nowling v. Colvin, 813 F.3d 1110 (8th Cir. 2016), a case involving the ALJ's duty to discuss witness statements. In Nowling, the ALJ did not mention the testimony from Plaintiff's sister-in-law, Dawn Nowling, who testified extensively about her interactions with Plaintiff. Unlike the facts in this case, Dawn Nowling "spent at least some time with Nowling on a daily basis, some days spending most of the day with her." Id. at 1117. The Eighth Circuit stated that it was undisputed the ALJ's opinion failed to address Dawn Nowling's testimony expressly or describe what weight, if any, the ALJ accorded her testimony, and "[i]n general such an omission need not lead our court to reverse an ALJ's otherwise-supported decision." Id. at 1118. In Nowling, the Court had other concerns regarding the ALJ's decision, and concluded that "in light of the additional concerns detailed below, we cannot find the failure to address

6

Dawn Nowling's testimony harmless nor characterize it merely as an 'arguable deficiency in opinion-writing technique.'" Id. (citations omitted).

In the case now before the Court, although the ALJ failed to address Ms. Frederick's statement, such omission did not affect the outcome of the case, because there is substantial evidence to support the ALJ's reasoning and decision, and as Ms. Frederick admitted she did not spend much time with Plaintiff, such omission is harmless.

### C.  RFC Determination:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Gilliam's v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id. "The ALJ is permitted to base its RFC determination on 'a non-examining physician's opinion *and* other medical evidence in the record.'" Barrows v. Colvin, No. C 13-4087-MWB, 2015 WL 1510159 at *11 (N.D. Iowa Mar. 31, 2015)(quoting from Willms v. Colvin, Civil No. 12-2871, 2013 WL 6230346 (D. Minn. Dec. 2, 2013)).

7

The Court finds there is substantial evidence to support the ALJ's RFC determination.

### D. Hypothetical Question to VE:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical questions the ALJ posed to the VE fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the VE's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff would be able to perform jobs such as, janitor/industrial cleaner, hand packer, and machine packer. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

### IV. Conclusion:

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 19th day of December, 2016.

*/s/ Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE